

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Travis Co,*

Honorable Joe Kunschik, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. C-2935
Re: Whether the Personnel Service
Department as conducted by
the Houston Press comes with-
in the provisions of Chapter
7, Title 18, Penal Code and
Chapter 13, Title 83, R.C.S.
so as to be required to have
an employment agent's license.

We have given careful consideration to the ques-
tion presented to us in your letter of November 27, 1940,
on the above subject.

The facts relating to the Personnel Service Depart-
ment of the Houston Press as presented in your letter, the
exhibits attached thereto and as stated by representatives of
the Houston Press in their conference with us and Mr. Collins
of your Department are as follows:

"The Houston Press" is a daily newspaper published
by the Houston Press Company, a Texas corporation chartered
for the following corporate purpose:

"The purpose for which it is formed is
the transaction of a publishing business, to-
wit, editing, printing, selling and conducting
newspapers and periodicals and doing all things
incidental thereto."

The Personnel Service Department as conducted by the
Houston Press has been in the nature of an adjunct to the em-
ployment want-ad column of the classified advertising section
of said paper, and has been under the supervision of Miss Le-
master, who has acted as intermediary between prospective em-
ployers and employees. Persons seeking employment interview
Miss Lemaster who makes a record of the qualifications, personal
references, age, habits, etc. of the applicant. For a charge

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Joe Kunschik, Page 2

of Two ($2.00) Dollars, the applicant is entitled to a fifteen word advertisement for seven consecutive insertions in the "work wanted" column of the classified advertisement section of the newspaper. The regular advertising rate for such an insertion is Two Dollars and Seventy Cents ($2.70), the Two ($2.00) Dollar rate being a special concession for employment applicants. The advertisement does not state the name, address or telephone number of the applicant but the prospective employer is directed to contact Miss Lemaster so that she may submit to him a selected list of applicants whose qualifications she believes to be peculiarly suited to the particular position. This "work wanted" column contains the following caption:

> "EMPLOYERS, Call the Press Personnel Service Department when you require the services of trained office workers, technicians, mechanics, maids, yard-men, etc. You can choose from over three thousand applications. Just phone Miss Lemaster at F. 1111, and state your requirement."

We are further advised that in the case of particularly worthy but impecunious job applicants their advertisements will be inserted without charge as well as the recommendations and services of Miss Lemaster.

It would appear that the Personnel Service Department of the Houston Press differs from the customary conduct of employment want-ads only in the additional service rendered by Miss Lemaster to both the prospective employees and employers.

In view of the liberal rule adopted by the Texas Courts in construing the implied and incidental powers of corporations, we are not prepared to state that the Houston Press Company may not under the above quoted purpose clause of its charter conduct a "Personnel Service Department" in conjunction with its classified advertisements. As stated in 12 Texas Review 102:

> "In Texas the rule is more often stated that implied powers embrace those that are usual and customary in the particular business. Recognizing this rule the Commission of Appeals said: 'What is the usual and customary method of operating the business is essentially a question of fact, for such custom and usage change with time.' Kasch v. Farmers Gin Company, 3 S.W. (2d) 72."

Honorable Joe Kunschik, Page 3

It is to be noted that Article 1302, Revised Civil Statutes of Texas, which contains an enumeration of the various purposes for which corporations may be chartered in Texas, contains no provision authorizing a corporation to be organized for the purpose of conducting an employment agency. Such activity if conducted by a corporation must be by way of incidental or collateral business in conjunction with its primary corporate purpose.

The business of conducting employment agencies in Texas are regulated by Chapter 13, Title 83, Articles 5208 through 5221, Revised Civil Statutes of Texas, 1925, and by Chapter 7, Title 18, Article 1584 through 1593, Penal Code of Texas, 1925. Article 5208, Revised Civil Statutes, and Article 1584, Penal Code define the term "employment agent" in the following identical language:

"'Employment agent' means every person, firm, partnership or association of persons engaged in the business of assisting employers to secure employees and persons to secure employment of of collecting information regarding employers seeking employees and persons seeking employment. The term 'employment office' means every place or office where the business of giving intelligence or information where employment or help may be obtained or where the business of an employment agent is carried on."

While the above definition of "employment agent" does not use the word "corporation" we call attention to the statutory rule of construction of the word "person" announced by Article 23, Revised Civil Statutes of Texas, which reads in part as follows:

"The following meaning shall be given to each of the following words, unless a different meaning is apparent from the context:

". . .

"2. 'Person' includes a corporation."

When we further consider that the reasons which must have prompted the enactment of the statutes regulating employment agents, i. e. the protection of the public, apply

Honorable Joe Kunschik, Page 4

with equal force to individuals and to corporations, we reach the conclusion that a corporation, when conducting an employment agency as an incident to its primary corporate purpose, is amenable to the regulation and is required to obtain a license, in the same manner as an employment agency operated by an individual or a partnership. This construction is further fortified by the fact that the exceptions provided in the act, hereafter quoted and discussed expressly refer to corporations. It would have been unnecessary to mention corporations in the exceptions, had they not been intended to be embraced in the scope of the act.

Article 5209, Revised Civil Statutes, and Article 1535, Penal Code, set out the exceptions to the employment agency law in the following language:

> "The provisions of this chapter shall not apply to agents who charge a fee of not more than two dollars for registration only for procuring employment for school teachers; nor to any department or bureau maintained by this State, the United States Government, or any municipal government of this State, nor to any person, firm, partnership, association of persons or corporation or any officer, or employee thereof engaged in obtaining or soliciting help from him, them or it when no fees are charged directly or indirectly the applicant for help or the applicant for employment; nor to farmers and stockraisers acting jointly or severally in securing laborers for their own use where no fee is collected or charged directly or indirectly, nor to any association or corporation chartered under the laws of Texas conducting a free employment bureau or agency."

We do not believe that the business carried on by Miss Lemaster as the Personnel Service Department of the Houston Press falls within any of the exceptions contained in the foregoing article. The exception for "agents who charge a fee of not more than Two ($2.00) Dollars for registration only for procuring employment of school teachers" would clearly not apply to agents who are engaged in obtaining employment for persons other than school teachers. The fact that the applicant for employment to the Personnel Service Department is required to

pay Two ($2.00) Dollars for the insertion of an advertisement in the Houston Press as a prerequisite to the service offered by said department (In the absence of showing of absolute inability to pay such Two ($2.00) Dollar charge) constitutes, we believe, a fee for the service of the Personnel Service Department so that the exception provided "when no fees are charged directly or indirectly" could not be applicable to the situation here under consideration. We are persuaded that the Houston Press Company has been actuated by salutary and benevolent motives in establishing the Personnel Service Department under the supervision of Miss Lemaster in order to be of real service and benefit to both employees seeking employment and employers seeking persons to fill vacancies in their businesses, but nevertheless such Personnel Service Department does constitute an employment agency within the terms of the statutes and consequently must be required to conform to the provisions of the regulatory laws.

It is therefore our opinion that the Houston Press Company should be required to obtain a license as an employment agent as contemplated by the above mentioned statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY _Walter R. Koch_
Walter R. Koch
Assistant

WRK:eaw

APPROVED FEB 21, 1941

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS